BREVOORT *vs.* JACKSON and others.

Notwithstanding the R. S., the court can order the whole of mortgaged premises to be sold, where a master reports it would be beneficial to the infant children of a deceased mortgager.

THE bill in this case was filed for the purpose of foreclosing an indenture of mortgage executed by Alexander C. Jackson and Robert M'Jimsey and their respective wives, upon a piece of land situated in the fifteenth ward of the city of New York to secure the sum of thirty-two thousand dollars with interest.

At the time the mortgage was given, the mortgagors were partners in trade. Previous to the filing of the bill, one of them, Alexander C. Jackson, died, leaving a widow and several infants, who were made defendants.

By the decree made in the cause, it was ordered that so much only of the mortgaged premises be sold as should be neces-sary to raise the amount due upon the mortgage.

The guardian *ad litem* for the infants now presented a petition to the court, setting forth, amongst other things, that the mortgaged premises consisted of a number of vacant lots which were entirely unproductive, and which, in the belief of the petitioner, would sell for their full value at this time; also, that being guardian *ad litem*, he had investigated the subject and believed it would be most for the interest of the infants, the widow and all interested in the premises, to have the whole sold and the overplus monies brought into court and divided according to the rights of the respective parties. The petitioner, therefore, prayed that the order of sale might be so amended as to direct the whole of the mortgaged premises to be sold, and the proceeds, after paying the amount due on the mortgage and costs, brought into court, subject to further order.

*November 12, 1832.*

*Practice.*
*Sale of the whole mortga-ged premises where there are infant defend-ants.*

1832.

BREVOORT
v.
JACKSON.

Mr. *O. Bushnell*, for the petitioner.

Mr. *David S. Jones*, for the complainants, admitted the propriety of selling the whole of the estate, but submitted, whether, under the Revised Statutes and the present practice of the court, it could be safely done ?

Mr. *Jesse Hoyt*, for some of the defendants.

*November* 19.    THE VICE-CHANCELLOR.   There is no doubt the court had power to decree a sale of the whole mortgaged premises belonging to infants previous to the passing of the Revised Statutes.

The practice was established by the case of *Mills* v. *Dennis*, 3 *J. C. R.* 367.   A reference was made to a master to take proof of the facts in the case, compute and ascertain the amount due for principal and interest, and, under the circumstances of the case, (in reference to the amount due, and the situation, nature and value of the mortgaged premises) to ascertain whether a sale of the whole, or a part only, and what part of the premises would be for the benefit of the infant defendants—with a reservation of further directions until the coming in of the report.   In such a case, if the master reported in favor of selling the whole, although it might not be absolutely necessary as respected the mortgage, the court could and would decree the whole to be sold, whenever it deemed such a proceeding most beneficial to the infants—and thus, turn the real into personal estate.   The surplus, after paying the principal and interest monies due upon the mortgage, with costs, being paid into court for the benefit of the infant : and all this was done by virtue of its general jurisdiction over the persons and estates of infants.

I do not perceive the Revised Statutes have altered the practise or laid restrictions upon this authority in any essential particular.   The power of the court, as there declared, is general : " to decree a sale of the mortgaged premises, or such " part thereof as may be sufficient to discharge the amount " due on the mortgage, and the costs of suit :" 2 *R. S.* 191 ;

*sect.* 151 ; and the cases in which the statute provides for the sale of only a part of the premises are those where the interest is due but not the principal, or where an instalment only is in arrear and enough can be sold to satisfy such interest or instalment without prejudice to the remainder of the premises: *Ib.* 161, *et seq.* And these provisions have no particular reference or bearing upon infants.

I am of opinion, the whole of the premises can be sold, in case such a sale shall appear to be most beneficial for the infants. By the 135th rule, the court may, by a special order, dispense with the direction in the decree to sell " so much " thereof as may be sufficient to raise the amount due to the " complainant" by virtue of the mortgage. I shall direct a reference to a master to enquire and report in the matter upon the same principles as are to be found in *Mills* v. *Dennis.*

Upon the coming in of the master's report, an order was made upon the foot of the decree, which directed the master to sell all the lots embraced by the mortgage.